Donald **HARRISON**, et al., Plaintiffs,

v.

Gary **CLEMENTE**, et al., Defendants.

No. 5:91CV0900.

United States District Court,
N.D. Ohio,
Eastern Division.

March 31, 2000.

Edward G. Kramer, Carole O. Heyward, Cleveland, OH, for plaintiffs.

Gary Clemente, Windham, OH, pro se.

### MEMORANDUM OF OPINION AND ORDER

MATIA, Chief Judge.

This action is before the Court upon plaintiffs' unopposed motion for an award of reasonable attorneys' fees and costs

(Doc. 112), filed on July 15, 1997.[1] The Court has reviewed the memorandum in support (including the detailed affidavits of Edward G. Kramer, Marc Assa, Marilyn Tobocman, Lisa L. Scott, and Denise J. Knecht, the unsworn declaration pursuant to 28 U.S.C. § 1746 of Bruce B. Elfvin, and the exhibits attached thereto). For the reasons that follow in Section I, the Court will order that plaintiff be awarded $54,283.75 in attorneys' fees and be reimbursed for $3,479.30 in costs.

This action is also before the Court upon Clemente's *pro se* request to have the Court grant certification of appealability to all issues raised (Doc. 118–1) and for relief from judgment in order to file a timely notice of appeal (Doc. 118–2), filed on August 27, 1997. The Court has reviewed the memorandum in support and the exhibits attached thereto. Further, this action is before the Court upon plaintiffs' unopposed motion to strike (Doc. 122).[2] The Court has reviewed the memorandum in support and the exhibits attached thereto.

■ A motion to strike asks the court to remove "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.Civ.P. 12(f). A Rule 12(f) motion to strike is not strictly proper in this instance, for the request to have the Court grant certification of appealability to all issues raised and for relief from judgment in order to file a timely notice of appeal is not a "pleading." The federal rules designate as "pleadings" those filings as set forth in Fed.R.Civ.P. 7(a): a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, a third-party answer, and a reply to an answer or third-party answer if ordered by the court. *Monroe v. Board of Education of Town of Wolcott, Conn.*, 65 F.R.D. 641, 645 (D.Conn.1975). Therefore, the motion to strike will be denied. The memorandum in support and the exhibits attached to the motion to strike will nonetheless be considered in ruling upon Clemente's request. For the reasons that follow in Section II, Clemente's requests will be denied.

This action pursuant to 42 U.S.C. §§ 1981 and 1982 for housing discrimination was filed on May 9, 1991, by Donald and Ada Harrison. Plaintiffs named as defendants Clemente, Joseph Clemente, and the Estate of Michael Milano a.k.a. Frank Clemente, deceased. The case was assigned to the docket of United States District Judge Frank J. Battisti. On April 15, 1994, the matter was referred to Magistrate Judge Joseph W. Bartunek. *See* Order of Reference (Doc. 39). On July 29, 1994, the case was reassigned to the docket of the undersigned. *See* Order (Doc. 47). Defendants subsequently filed motions for summary judgment (Docs. 50, 54, and 65).

The magistrate judge submitted a Report and Recommendation (Doc. 72) on September 15, 1994. The Court reviewed the report and recommendations of the magistrate judge *de novo*. The Court also considered plaintiffs' objections to the report and recommendation (Doc. 73) and defendants' responses (Docs. 74 and 75). The Court agreed with the conclusion of the magistrate judge that the defendants'

---

1. On July 28, 1997, defendant, Gary Clemente ("Clemente"), filed a motion to stay proceedings on plaintiffs' motion re: attorney's fees (Doc. 115–1). He moved the Court for an order staying proceedings regarding plaintiffs' motion for attorneys' fees until such time as the Court fully adjudicated his motion for a new trial (Doc. 110) and the issues raised therein. On July 31, 1997, the Court by marginal entry denied Clemente's motion for a new trial. Clemente took no appeal from that order. Thereafter, his motion to stay proceedings of plaintiffs' motion re: attorney's fees was denied as moot. *See* Order issued on March 27, 1998 (Doc. 121).

2. On March 27, 1998, the Court granted by marginal entry plaintiffs' unopposed motion for leave to file the motion to strike *instanter*. The motion to strike had been submitted on September 16, 1997.

motions for summary judgment should be granted.

On April 28, 1995, this Court granted defendants' motions for summary judgment. Memorandum of Opinion and Order (Doc. 76) and Judgment Entry (Doc. 77). Plaintiffs filed a timely notice of appeal challenging the entry of summary judgment in favor of the defendants.

The Court of Appeals for the Sixth Circuit subsequently reversed the order of this Court and remanded the case for further proceedings. *Harrison v. Clemente,* No. 95–3620, slip op. (6th Cir. July 16, 1996) (per curiam). The Sixth Circuit found that there were material issues of fact. Further, the plaintiffs had made out a *prima facie* case of intentional discrimination under the *McDonnell Douglas* analogue for analyzing housing discrimination claims. It also determined that the reasons given by the defendants why the inference of racial discrimination should not be drawn may be rejected by the factfinder as not credible while the plaintiffs' evidence of discriminatory animus may be accepted.

On June 5, 1997, this Court *inter alia* granted an unopposed motion to withdraw as counsel (Doc. 88). Ronald G. Macala, Esq., Shawn C. Groff, Esq., and Green, Haines, Sgambati, Murphy & Macala Co., L.P.A. were allowed to withdraw from further representation of Clemente in the case at bar. *See* Order (Doc. 94). The Order also provided:

> This case is presently set for final pretrial on *June 12, 1997, at 4:15 p.m.* and trial on *June 30, 1997, at 9:30 a.m. See* Trial Order issued on April 4, 1997 (Doc. 85).[3]

> Defendants, Gary Clemente, Joseph Clemente and the Estate of Frank Clemente a.k.a. Michael Milano, deceased, may obtain new counsel, if they so desire. However, this case will be called for final pretrial on June 12, 1997

and trial on June 30, 1997. If defendants, Gary Clemente and Joseph Clemente, are not represented by counsel who can try the case at that time, they will have to appear at the final pretrial and, thereafter, proceed to trial representing themselves.

**Failure of defendants, Gary Clemente and Joseph Clemente, to appear in person at the final pretrial conference will result in plaintiffs proceeding against the defendants and the Court deciding and determining all matters asserted against said defendants *ex parte* at time of trial.** (Emphasis in original.)

Clemente failed to appear in person or through counsel at the final pretrial conference held on June 12, 1997. *See* Order (Doc. 96). The case was reset for trial before the Court upon the facts without a jury on *June 30, 1997, at 2:00 p.m. See* Order (Doc. 102) (emphasis in original). Further, the Orders (Docs. 96 and 102) provided:

> Plaintiffs shall proceed against the defendants and the Court will decide and determine all matters asserted against said defendants *ex parte* at time of trial. *See* Order issued on June 5, 1997 (Doc. 94).

This action was heard and submitted to the Court upon the facts without a jury on June 30, 1997. Gary and Joseph Clemente did appear in person at the trial. On July 2, 1997, Findings of Fact and Conclusions of Law (Doc. 106) were entered by the Court. The Court also entered a Judgment Entry (Doc. 107) that plaintiffs, Donald and Ada Harrison, recover of defendant, Gary Clemente, the sum of Forty-two Thousand Dollars ($42,000.00), and their costs of action. However, the Court *found in favor of defendants, Joseph Clemente, and the Estate of Michael Milano*

**3.** Clemente was "vaguely aware that there was a final pretrial conference on June 12, 1997, as I had been told that information in April by counsel." Clemente Affidavit (Exhibit to Doc. 110) at ¶ 7.

a.k.a. Frank Clemente, deceased. Clemente also took no appeal from these orders.

## I.

■ Plaintiffs, as prevailing parties, are entitled to an award of "reasonable" attorneys' fees and costs to be assessed against Clemente. 42 U.S.C. § 1988(b). A plaintiff is a prevailing party if he obtains at least some of the benefit sought in bringing suit. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983);[4] *Farrar v. Hobby*, 506 U.S. 103, 111, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992).

■ The Supreme Court has indicated that the courts are to calculate attorney fees under the "lodestar" method. *Blanchard v. Bergeron*, 489 U.S. 87, 94, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989); *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986) *(Delaware Valley I )*. Under this methodology the number of hours reasonably expended by the attorney are multiplied by the attorney's reasonable hourly rate. *Hensley*, 461 U.S. at 433, 103 S.Ct. 1933; *Northcross v. Board of Educ. of Memphis City Schools*, 611 F.2d 624 (6th Cir.1979), *cert. denied*, 447 U.S. 911, 100 S.Ct. 2999, 3000, 64 L.Ed.2d 862 (1980). There is a "strong presumption" that the figure so calculated represents a reasonable fee. *Delaware Valley I*, 478 U.S. at 565, 106 S.Ct. 3088. *See also Roland v. Johnson*, No. 91–1460, 1992 WL 214441 at *2 (6th Cir. Sept.4, 1992) *(Roland III )*.

■ While the burden of persuasion is on the fee applicant to document the hours and rates in the lodestar amount, the burden of production to challenge the reasonableness of the requested fee is on a party

seeking an adjustment of that amount (Clemente in the case at bar). *See Griffin v. Leaseway Deliveries, Inc.*, No. 89–6522, 1992 WL 398381 (E.D.Pa. Dec.31, 1992) (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3rd Cir.1990)).

Plaintiffs request $53,883.75 in attorneys' fees for the time expended not only in this Court, but in the Sixth Circuit. *Weisenberger v. Huecker*, 593 F.2d 49, 53–54 (6th Cir.), *cert. denied*, 444 U.S. 880, 100 S.Ct. 170, 62 L.Ed.2d 110 (1979) (statutory award of legal fees should compensate for legal services incurred on appeal). The request for attorneys' fees is based upon a total of 184.3 hours of attorney time billed at a rate of $250.00 per hour; 7.05 hours of attorney time billed at a rate of $175.00 per hour; and 69.75 hours of attorney time billed at a rate of $100.00 per hour.[5] Plaintiffs do not, however, seek a multiplier to the lodestar amount.

■ The Court finds that the documentation submitted by the plaintiffs is adequate. The affidavits attesting to the attorneys' qualifications, contemporaneous itemized time and expense records, and the affidavits and unsworn declaration attesting to the prevailing market rates of compensation for attorneys in the relevant legal market for similar work are attached as exhibits to plaintiffs' memorandum to support the reasonableness of the requested rates. Therefore, the Court concludes that the plaintiffs have met their burden of demonstrating the reasonableness of their hourly rates.

Plaintiffs request $3,479.30 in costs. The request includes a total of 35 hours of law clerk time billed at a rate of $35.00 per hour.[6] Clemente does not contest any of the costs.

---

4. The Supreme Court noted that "[t]he standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Id.* at 433 n. 7, 103 S.Ct. 1933. *See also United Slate, Tile & Composition v. G & M Roofing*, 732 F.2d 495, 502 (6th Cir.1984).

5. The request contains a $400.00 mathematical error.

| | | |
|---|---|---|
| 184.3 hours × $250.00 per hour = | | $46,075.00 |
| 7.05 hours × $175.00 per hour = | | 1,233.75 |
| 69.75 hours × $100.00 per hour = | | 6,975.00 |
| | Total | $54,283.75 |

6. Plaintiffs' counsel has reduced by half the hours spent on the case by Marc Assa, a law

*Edward G. Kramer, Esq.*

Attorney Kramer, the managing director of Kramer & Associates with extensive civil rights trial experience, claims 184.3 hours at $250.00 per hour. The Court finds that the hours expended by Attorney Kramer are not excessive and were reasonably expended in the prosecution of the case at bar. Based on its experience and knowledge, the Court also finds that the hourly rate of compensation for Attorney Kramer requested by the plaintiffs is within the reasonable hourly rate of compensation for attorneys in the relevant market area during the time period in question. In *Paskvan v. City of Cleveland Civil Service Com'n*, No. 1:89CV02276 (N.D.Ohio filed May 25, 1994), United States District Judge John M. Manos, determined the lodestar prevailing fair and reasonable rate for legal services for work performed during 1989 through 1994 by Attorney Kramer to be $225.00 per hour. *See* Kramer Affidavit at ¶ 6. Accordingly, the Court finds that Attorney Kramer's lodestar amount is 184.3 hours at $250.00 per hour for a total of $46,075.00.

*Marilyn Tobocman, Esq.*

Attorney Tobocman claims 7.05 hours at a rate of $175.00. The Court finds that the hours expended by Attorney Tobocman are not excessive and were reasonably expended in the prosecution of the case at bar. Therefore, Attorney Tobocman's lodestar amount is 7.05 hours at $175.00 per hour for a total of $1,233.75.

*Lisa L. Scott, Esq.*

Attorney Scott, a second chair attorney in the case *sub judice*, claims 69.75 hours at a rate of $100.00. The Court finds that the hours expended by Attorney Scott are not excessive and were reasonably expended in the prosecution of the case at bar. Therefore, Attorney Scott's lodestar

amount is 69.75 hours at $100.00 per hour for a total of $6,975.00.

The adjusted lodestar figure is thus $54,283.75.

The above calculation of the adjusted lodestar figure "does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward." *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933. These other factors, the Supreme Court noted in *Hensley*, may include the ones identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974), though "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley*, 461 U.S. at 434 n. 9, 103 S.Ct. 1933.

Plaintiffs' counsel has eliminated any time spent solely pursuing the claims against defendants, Joseph Clemente, and the Estate of Michael Milano a.k.a. Frank Clemente, deceased. *See* Kramer Affidavit at ¶ 3. Therefore, a reduction of the amount requested in the fee application on this score would not be appropriate.

In sum, the Court will, therefore, order that plaintiff be awarded $54,283.75 in attorneys' fees. Further, the Court will order that the plaintiffs be reimbursed for $3,479.30 in costs, consistent with the itemized listing attached to the billing records of Attorney Kramer pursuant to 28 U.S.C. § 1920 and Fed.R.Civ.P. 54(d).

## II.

■ Subsequent to the entry of judgment in July 1997, Clemente was represented by Robert A. Hager, Esq., Daniel M. McIntyre, Esq., and the law firm of Buckingham, Doolittle & Burroughs. On July 11, 1997, Clemente, by and through his counsel, filed a motion for new trial and to amend the Judgment Entry and Find-

clerk at The Housing Advocates, Inc. *See* Memorandum in Support at 13. The Court finds that the time expended by the law clerk was "reasonably expended." *See Roland*, 1992 WL 214441 at \*3 (district court affirmed

where a legal assistant was paid 100 percent of her requested rate). Further, the Court finds that the hourly rate of compensation is reasonable.

ings of Fact and Conclusions of Law Dated July 1, 1997 (Doc. 110). Doc. 118 at Exhibit C. On July 31, 1997, the Court denied the motion by marginal entry.

Thereafter, settlement negotiations between counsel took place from August 13, 1997 through September 2, 1997. Counsel for Clemente entered into an agreement with plaintiffs' counsel to settle "any and all claims the parties have against the other." Acknowledgement Letter, dated August 29, 1997, from John P. Slagter, Esq. of the law firm of Buckingham, Doolittle & Burroughs. Doc. 122 at Exhibit B. The agreement provided that "[i]n reliance on the settlement, my client is not filing a Notice of Appeal." *Id.* Clemente does not dispute that his counsel had authority to enter into an agreement.

Apparently unbeknownst to the counsel that he had hired,[7] two days prior to the settlement, Clemente had filed the within *pro se* request to have the Court grant certification of appealability to all issues raised and for relief from judgment in order to file a timely notice of appeal. Clemente requests that the Court reconsider its denial of the motion for new trial and to amend the Judgment Entry and Findings of Fact and Conclusions of Law Dated July 1, 1997 (Doc. 110). Less than one month prior to the filing of Clemente's *pro se* request, the Court considered the very same issues and denied the first post-judgment motion. In his *pro se* request, rather than provide any new information, Clemente reiterates the claims asserted in the motion for new trial and to amend the Judgment Entry and Findings and Conclusions.

■ Further, Clemente moves the Court for relief from judgment in order to file a timely notice of appeal. It is apparent that Clemente is seeking to use Rule 60(b) in order to obtain relief which could have been obtained on direct appeal from either the entry of the Findings of Fact

and Conclusions of Law (Doc. 106) and Judgment Entry (Doc. 107) or the denial of the first post-judgment motion, or both. It is well-settled that a motion under Rule 60(b) may not be used as a substitute for appeal. *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989); *see also Ackermann v. United States*, 340 U.S. 193, 198, 71 S.Ct. 209, 95 L.Ed. 207 (1950) (noting that a Rule 60(b) motion should not be used to obtain by the Rule that which should have been sought via direct appeal).

### III.

Plaintiffs' motion for an award of reasonable attorneys' fees and costs (Doc. 112) is GRANTED. Plaintiffs, Donald and Ada Harrison, shall recover of defendant, Gary Clemente, the following: (1) Fifty-four Thousand Two Hundred Eighty-three and 75/100 Dollars ($54,283.75) as attorneys' fees; and (2) Three Thousand Four Hundred Seventy-nine and 30/100 Dollars ($3,479.30) as costs.

Defendant, Gary Clemente's request to have the Court grant certification of appealability to all issues raised (Doc. 118–1) is DENIED. *Futernick v. Sumpter Tp.*, No. 98–2003, 2000 WL 266761 at *7 (6th Cir. March 13, 2000) (district court did not abuse its discretion in denying post-judgment motion, treated as a motion for relief from judgment, absent any new information). Further, defendant, Gary Clemente's motion for relief from judgment in order to file a timely notice of appeal (Doc. 118–2) is DENIED.

Plaintiffs' motion to strike (Doc. 122) is DENIED.

The Clerk of Court shall issue a copy of this Memorandum of Opinion and Order to Edward G. Kramer, Esq., Carole O. Heyward, Esq., and David G. Oakley, Esq., Kramer & Associates, L.P.A., The Jeremiah Ensworth House, 3214 Prospect Avenue, East, Cleveland, Ohio 44115–2600;

---

**7.** On September 25, 1997, counsel filed a motion to withdraw as counsel of record

(Doc. 120). The motion was granted on September 29, 1998. *See* Order (Doc. 124).

862

and Mr. Gary M. Clemente, 395 Warrensville Center Road, Bedford, Ohio 44146.

IT IS SO ORDERED.